```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
                                  :
PENDER LEE JAMES,                 :
                                  :
           Petitioner,            :         ORDER
                                  :         06-CV-5794 (JFB)
           – against –            :
                                  :
COUNTY COURT, SUFFOLK COUNTY,     :
                                  :
           Respondent.            :
                                  :
----------------------------------X
```

JOSEPH F. BIANCO, District Judge:

Petitioner Pender Lee James, filed a *pro se* petition for a *writ of habeas corpus* in this Court pursuant to 28 U.S.C. § 2254 dated October 10, 2006. Petitioner is currently incarcerated in Fishkill Correctional Facility pursuant to an October 30, 1991 judgment of conviction, rendered in County Court, Suffolk County for second degree burglary, two counts of rape in the first degree, reckless endangerment in the second degree and attempted assault in the second degree, upon a jury verdict.

Petitioner states the following grounds for relief: (1) "I was living in a private house renting a room. The Police entered my room illegally; I never game them permission to enter," (2) "Once arrested none of the Police Officers read me my rights," and (3) "I wasn't given the chance to go in frount [sic] Grand Jury." (Petition at 2.) The only other information included in the petition is the date of conviction, October 30, 1991. Petitioner did not state whether he appealed the judgement of conviction and if so, the date of the Court of Appeals decision.

In *Acosta v. Artuz*, the Second Circuit held that "the district court has the authority to raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own

motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000). "If the court chooses to raise *sua sponte* the affirmative defense of failure to comply with the AEDPA statute of limitation, however, the court must provide the petitioner with notice and an opportunity to be heard before dismissing on such ground." *Id*.

In accordance with the Second Circuit's holding in *Acosta*, on November 1, 2006, the Court provided petitioner with notice and the opportunity to be heard. Specifically, the November 1, 2006 Order, informed petitioner that it appears the petition is time-barred and that petitioner failed to exhaust his state remedies, and instructed petitioner to file an affirmation with the Court detailing allegations regarding any post-conviction appeals and motions and the dates on which those motions and appeals, if any, were decided. Petitioner was further instructed that if he failed to satisfy the statute of limitations, he shall present facts to the Court in his affirmation setting forth his basis, if any, upon which he asks the Court to equitably toll the statute of limitations. Petitioner was also informed that failure to comply with the Order within the time allowed may result in dismissal of the instant petition for failure to exhaust state remedies or as time-barred. Petitioner failed to submit a response to the Court's Order.

From the Court's review of publicly available court documents, the Court determined that petitioner appealed the judgement of conviction rendered on October 30, 1991 to the Appellate Division, Second Department. On June 14, 1993, the Appellate Division affirmed petitioner's conviction. *See People v. James*, 599 N.Y.S.2d 1005, 1006 (N.Y. App. Div. 1993). Thereafter, the Court of Appeals denied leave to appeal on August 19, 1993. *People v. James*, 622 N.E.2d 318 (N.Y. 1993). It appears that petitioner did not seek direct review to the United States Supreme Court. Pursuant to Supreme Court Rule 13(1), the time for petitioner to seek review in

the United States Supreme Court expired ninety days after leave to appeal was denied. *See Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001) ("[A] petitioner's 'conviction becomes final for [AEDPA] purposes when his time to seek direct review in the United States Supreme Court by writ of certiorari expires.'") (quoting *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998)). Accordingly, petitioner's conviction became final on November 17, 1993.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on state prisoners seeking *habeas corpus* review in federal court. 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of: (1) "the date on which the [petitioner's] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review"; (2) "the date on which the impediment to filing an application created by State action in violation of the Constitution of the laws of the United States is removed, if the applicant was prevented from filing by such State action"; (3) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on direct review;" (4) "the date on which a factual predicate to support a claim could have been discovered through due diligence." 28 U.S.C. § 2244(d)(1)(A-D). However, because petitioner's conviction became final *prior* to the AEDPA's April 24, 1996 effective date, petitioner was afforded a one-year grace period in which to file a *habeas* petition. *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998). That grace period expired April 24, 1997, nine and one-half years before petitioner filed his petition in October 2006.

---

[1] There is no indication from petitioner or otherwise that petitioner filed any post-judgment motions.

In "rare and exceptional" circumstances, the one-year statute of limitations is subject to equitable tolling. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) he must demonstrate that "extraordinary circumstances prevented him from filing his petition on time"; and (2) he must have "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17. The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling. *See Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 37 (2d Cir. 2002). Petitioner failed to respond to the Court's November 1, 2006 Order, and thus, petitioner has not presented any grounds that warrant equitable tolling, nor has he made a showing of actual innocence. *See Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003) (holding that it was error to dismiss a petition claiming actual innocence, on statute of limitations grounds, without further analysis). Accordingly, the petition is dismissed as time-barred. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2007
Central Islip, New York